IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARRETT CREEK COMMUNITY ASSOCIATION, INC., | )<br>)<br>) Case No. _____<br>) |
| *Plaintiff*, | )<br>) |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, | )<br>)<br>) |
| *Defendant*. | )<br>)<br>) |

## COMPLAINT

Plaintiff, Barrett Creek Community Association, Inc., by and through its undersigned counsel, for its Complaint against the above-named Defendant, American Alternative Insurance Corporation, states as follows:

## PARTIES

1. Plaintiff, Barrett Creek Community Association, Inc. ("Barrett Creek" or "Plaintiff") is a community association organized under the laws of Georgia, with its principal place of business in Cobb County, Georgia at 2300 Barrett Creek Parkway, Marietta, Georgia 30066.

2. American Alternative Insurance Corporation ("AAIC" or "Defendant") is an insurance company, upon information and belief, organized under the laws of

the State of New Jersey with its principal place of business at 555 College Road East, Princeton, New Jersey 08543. AAIC also maintains a "statutory office" at 2711 Centreville Road, Suite 400, Wilmington, Delaware 19805.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. Venue is proper under 28 U.S.C. § 1391 because the Property that is the subject of this action is located in Cobb County, Georgia.

4. This court has personal jurisdiction over Defendant, because: (1) Defendant sold Plaintiff's insurance policy to Plaintiff in Georgia; (2) through the insurance policy, Defendant provided insurance coverage for property located in Georgia; and (3) Plaintiff's claims arise from or otherwise relate to Defendant's transaction of business and acts and/or omissions in Georgia.

## FACTS

5. Barrett Creek is a multi-family residential complex with thirty-four (34), two-story multi-family residential buildings and one one-story clubhouse building. The complex is located at 204 Cavendar Way, Marietta, Georgia 30066, although many of the buildings are located at different addresses (collectively, the "Property").

6. AAIC issued policy number CAU510315-3 to Barrett Creek for the period June 12, 2020 – June 12, 2021 (the "Policy"). The Policy provides coverage for Property for, among other things, property damage caused by wind. A true and accurate copy of the Policy is attached hereto as **Exhibit 1** and incorporated herein by reference.

7. The Policy extends coverage for repairs to buildings on guaranteed replacement cost value basis. The Association paid an increased premium for replacement cost coverage. The coverage also extends to any direct physical loss or damage to covered property, including wind damage.

8. Tropical Storm Zeta hit the Barrett Creek Property on October 28, 2020 (the "Storm"), causing severe wind damage to numerous buildings on the Property.

9. Barrett Creek filed a claim with AAIC on November 4, 2020, for a covered wind loss that occurred as a result of the Storm (the "Claim"). The Claim was made to Community Association Underwriters of America, Inc. ("CAU"), an authorized agent and representative of AAIC.

10. CAU retained Guardian Adjusters and Appraisers ("Guardian") to assist with the investigation of the Claim. The Claim was insufficiently adjusted, and amounts were paid to Barrett Creek only for tree damage. Inexplicably,

Guardian either did not inspect the roofs for damage or did inspect the roofs and failed to report any damage.

11.     As a direct and proximate result of Guardian's inspection failures, Barrett Creek was forced to retain a public adjuster to evaluate the roof damage from the Storm. The public adjuster determined that there were significantly more damaged roof shingles that should be covered and that the roofs were not repairable due to their age and condition.

12.     As a result of the public adjuster's analysis, CAU reopened the Claim and retained Haag Engineering ("Haag") and JS Held ("Held") to inspect the roofs and scope the damage, respectively.  After their inspection, Haag and Held concluded that, even though they found more than 4000 creased shingles on just the roofs that were inspected, the damaged roof shingles could be repaired and that full roof replacements were not warranted.

13.     On August 20, 2021, CAU, as authorized agent of AAIC, issued its coverage position finding that (a) the wind-damaged shingles were repairable, and (b) the other damaged shingles were excluded from coverage under the Policy as "wear and tear."

14.     Through its public adjuster, Barrett Creek provided CAU additional information that confirmed that roofs at the Property sustained far more extensive damage than AAIC, CAU, Haag, and Held were suggesting.

15.     On April 22, 2022, Plaintiff sent a formal demand that the Defendants pay the Plaintiff $2,722,760.07 pursuant to O.C.G.A. § 33-4-6(a) guidelines.  A true and correct copy of the Demand Letter is attached hereto as **<u>Exhibit 2</u>** (the "Demand Letter").

16.     The Demand Letter also indicated that Plaintiff intended to file a lawsuit for breach of contract and bad faith against the Defendants if the claim was not paid.  As of the date of this Complaint, Defendants have not responded to the Demand Letter, refused to pay the amount of the claim, and have utterly failed to investigate the Claim or provide any type of explanation as to why the claim should not be paid.

17.     After putting Defendant on notice of a potential lawsuit through the Demand Letter, Defendant continued to frivolously and baselessly deny Plaintiff's claim without good cause.  On August 20, 2021, and again on November 29, 2021, AAIC through its authorized agents denied in substantial part coverage for the wind damage to the roofs.

18.    In the summer of 2022, Barrett Creek retained an engineering firm, CeBB Engineering, Inc. ("CeBB"), to perform an independent and detailed engineering inspection and report.  CeBB performed a detailed inspection of the roofs from August 1-5, 2022.  Following its inspection, CeBB concluded:  (i) creased, broken, shipped, fractured or otherwise failed shingles, (ii) granule loss, (iii) fully and partially un-adhered shingle sheets, (iv) loosened shingles, (v) missing shingles (on certain slopes), (vi) wind-borne debris, and (vii) hidden damaged shingles.  They concluded that the damage is consistent with wind from the Storm and may have been exacerbated by two large windstorms that occurred after (but within the same policy period).  CeBB recommended replacement of all of the roofs because repairs would not be feasible and/or sufficient.

19.    Defendant has failed to conduct any additional investigation and failed to engage in good faith negotiations with the Plaintiff when the obligation to settle the claim became reasonably clear.

20.    Defendant did not act fairly and honestly toward Plaintiff with regard to the claim when Defendant failed to compensate Plaintiff for its damages in direct breach of the terms and conditions of the Policy when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for its interests.

21. Defendant acted in bad faith by failing to conduct a reasonable investigation for many reasons, including:

   a. AAIC, CAU, Haag, Held, and Guardian acted in bad faith by failing to conduct a reasonable investigation of the loss, misrepresenting coverage under the Policy, and failing to pay the Claim in a timely manner. The damaged roofs should have been discovered during Guardian's initial investigation in 2020. Only after Barrett Creek hired a public adjuster did AAIC grudgingly agree to coverage for a limited number of shingles, and then in bad faith denied coverage for the remaining damage based on groundless analyses of Plaintiff's expert's findings and conclusions.

   b. AAIC, through its authorized agents and representatives, has intentionally and grossly mischaracterized the cause of additional shingle damage as rough handling and repair activities even though its own expert cannot rule out Zeta-caused damage to the roofs at the Property.

22. Plaintiff has substantially complied with all conditions precedent and contractual obligations under the Policy, or the same were waived.

23. Plaintiff has sustained a loss which is covered under the Policy, and which is due and payable, but for which Defendant have failed to make payment.

24. Plaintiff has suffered physical damage to its Property in the amount to be determined at trial, but no less than $2,722,760.07.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract

25. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

26. Plaintiff has complied with all provisions of the Policy.

27. The Policy was in effect at the time of the Storm.

28. Plaintiff promptly and timely notified Defendants of the damage to the Property as a result of the Storm, and Plaintiff made a claim pursuant to the Policy.

29. The Storm caused direct, physical damage to the Property, and was a covered loss under the Policy.

30. Defendant breached the Policy by failing to properly investigate, adjust, and pay the Claim for all covered wind damage as required by the Policy and Georgia law.

31. As a direct and proximate result of Defendant breaching its insurance contract, Plaintiff has suffered damages in an amount in excess of $2,000,000,

exclusive of interests and costs and attorneys' fees, and in an amount to be proven at trial.

## COUNT II
## Bad Faith Breach of Contract

32. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

33. As set forth above, Defendant has breached the Policy in bad faith by partially denying coverage knowing full well that such a denial was not warranted under the facts and circumstances known to Defendant.

34. Defendant has acted frivolously and without a reasonable basis or justification in contravention of its duty of good faith and fair dealing to achieve a proper disposition of Plaintiff's claim.

35. Defendant has not attempted in good faith to settle Plaintiff's claim when, under all the circumstances, they could and should have done so had they acted fairly and honestly toward the Plaintiff and with due regard for Plaintiff's interests, including failing to respond or investigate following Plaintiff sending the Demand Letter.

36. Defendant breached its duty of good faith and fair dealing when they failed to pay and indemnify Plaintiff, such failure being arbitrary and capricious.

37.    Defendant failed to adjust the claim in good faith by failing to adjust the loss in a timely manner.

38.    Defendant has likewise caused Plaintiff to incur unnecessary trouble and expense by denying the Claim in substantial part and leaving Plaintiff without funds to repair the Property.

39.    Because Defendant's breach of contract was committed in bad faith and caused Plaintiff unnecessary trouble and expense, Plaintiff is entitled to recover all expenses of this litigation, including attorneys' fees, pursuant to O.C.G.A. § 33-4-6.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court to enter judgment in its favor and against Defendant on its Claims for Relief as follows:

1.    Damages for Defendant's breach of contract;

2.    All unpaid covered benefits owed under the Policy;

3.    Fifty percent of the damages awarded by the jury, as allowed by O.C.G.A. § 33-4-6;

4.    Attorneys' fees Plaintiff has incurred, and will incur, in asserting its rights under the Policy, as allowed by O.C.G.A § 33-4-6;

5.    Pre- and post-judgment interest; and

6.    For such other and further relief as this Court may deem just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Dated: September 30, 2022.

        Respectfully submitted,

        */s/ Michael A. Steele*
        Michael A. Steele
        Georgia Bar No. 386297
        **THOMPSON HINE LLP**
        Two Alliance Center
        3560 Lenox Road, Suite 1600
        Atlanta, Georgia 30326
        Telephone: 404-407-3679
        Facsimile: 404-541-2905
        *michael.steele@thompsonhine.com*

        *Counsel for Plaintiff*